## No. 722
### SWIN v. KNEPPER
Ohio Appeals, Henry County
No. 127. June 29, 1923

This opinion has not been published except in Abstract.

**380-1. WILLS.**

Will Contest—Declarations of testator admissible to prove state of mind, but not to prove undue influence—Objection to strike out made after the answer appears in record, held available.

HUGHES, J.

#### Epitomized Opinion

Suit to contest a will. Two issues were left to the jury—whether the testator was of sound mind at the time of the execution of the will—and whether he was free from restraint and undue influence at that time. A verdict was returned in favor of plaintiffs, holding the will invalid. Defendants brought error to the Appeals Court. Held:

Declarations of a testator made before and after the execution of his will are admissible to prove the state of his mind, but not to prove undue influence. Much evidence of the testator's declarations was admitted, but no request was made of the court to limit the purpose for which the evidence was admitted and hence its admission was not prejudicial error.

There was evidence admitted over objection of defendants in the nature of conclusions and deductions made by various witnesses. Much of this evidence was objected to after the answer was in the record and no motion was made to rule it out. There was no prejudice in the admission of the evidence under these circumstances. But for the appearance of this evidence in the record over the timely objection of defendants, the judgment must be reversed.

Attorneys—Ragan & Ragan, for defendants; Rieger & Meekison, Otto W. Hess, for plaintiffs.

## No. 723
### COLLIN v. COLLIN
Ohio Appeals, Allen County
No. 335. March 19, 1923

This opinion has not been published except in Abstract.

**380-1. WILLS.**

Revival of first will by destruction of a second—Testimony of attorney who drew codicil, not admissible, it being a privileged communication.

RICHARDS, J.

#### Epitomized Opinion

Suit to contest the validity of certain items in a will on the ground that a second codicil was executed revoking said items in the will and that while the second codicil was afterwards destroyed nothing was done to revive or republish the original will. The testator at the time of the destruction of the second codicil requested his attorney to tear off the second codicil and destroy it, which the attorney did, saying to the testator that that left the original will just the same as when it was first made. The testator then said: "That is the way I want it; I want you to put that will in your safe, lock it up and after I am gone I want you to probate it." The trial judge instructed the jury that unless they should find that the testator republished the paper writing admitted to probate with the formalities described by law and in the presence of witnesses the verdict must be that the paper writing was not the last will and testament of the deceased. The verdict was for the plaintiff, finding that the writing was not a valid will. Error was prosecuted to this court. Held:

Sec. 10562 GC. provides:

"the destruction, canceling, or revokation of the second will, shall not revive the first will unless the terms of such revocation show that it was his intention to revive and give effect to his first will; or, after such destruction, canceling or revocation, he duly republishes his first will."

The instruction of the court was erroneous and highly prejudicial. Since there was no evidence tending to show a republication of the original will the instruction amounted to directing a finding that the original will was not revived.

It was error to admit the testimony of the testator's attorney as to the contents of the second codicil, since the attorney drew the second codicil and contents thereof were the communication of the testator to his attorney, and therefore privileged. Reversed and remanded.

Attorneys—T. R. Hamilton and Klinger & Klinger, for defendant; H. O. Bentley and W. H. Leets, for plaintiff.

## FIRST SEMI-ANNUAL
# ADVANCE DIGEST
### OF THE
# Ohio Law Abstract

Covering All Current Opinions

In Nos. 1 to 26, First Half of 1923

Closing June 27, 1923

Copious Tables of Cases and Statute Construed

Contributed Free to All Subscribers Taking Back Numbers from No. 27, July 11

Was Published September 12 as No. 36

**Sold Separately at $2.50**